IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISON

| | |
|---|---|
| ANGELIA JOHNSON, ANNE WALL & RUSSELL BOND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>&<br><br>MIDLAND FUNDING, LLC,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>Case No.: 6:20-cv-113<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Angelia Johnson, Anne Wall, and Russell Bond, by and through the undersigned counsel, and for their Complaint against Defendants, Midland Funding, LLC ("MF"), and Midland Credit Management, Inc. ("MCM" and collectively with MF, "Defendants"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## STANDING

3. Plaintiffs have a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendants' collection activities violated the FDCPA.

5. Plaintiffs have thus suffered an injury as a result of Defendants' conduct, giving rise

1

to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

8. Plaintiff, Angelia Johnson (hereafter "Plaintiff Johnson"), is a natural person currently residing in the State of Texas.

9. Plaintiff, Anne Wall (hereafter "Plaintiff Wall"), is a natural person currently residing in the State of Texas.

10. Plaintiff, Russell Bond (hereafter "Plaintiff Bond"), is a natural person currently residing in the State of Texas.

11. Plaintiff Johnson is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

12. Plaintiff Wall is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

13. Plaintiff Bond is a "consumer within the meaning of the Fair Debt Collection Practices Act.

14. Defendant MF is a Delaware corporation with its principal place of business at 2365 Northside Drive, Suite 300, San Diego, California 92108. The principal business purpose of Defendant MF is debt buying, whereby Defendant MF buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

15. Defendant, MF, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

16. Defendant MCM is a Kansas corporation with its principle place of business at 2365 Northside Drive, Suite 300, San Diego, CA. The principal business purpose of Defendant MCM is the collection of debts in Texas and Nationwide, and Defendant regularly attempts to collect debts alleged due to another.

17. Defendant, MCM, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF ANGELIA JOHNSON**

18.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

19.     On or about January 23, 2019, MCM sent Plaintiff Johnson a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A**.

20.     The alleged debt identified in **Exhibit A** was originally allegedly owed to Credit One Bank, N.A. for an alleged personal credit card and was incurred only for personal, family or household purposes.

21.     Upon information and belief, **Exhibit A** is a form letter, generated by a computer, and with the information specific to Plaintiff Johnson inserted by the computer.

22.     **Exhibit A** states: "Did you forget something?" and "We can't change the past, but we can help with your future."

23.     **Exhibit A** then proceeds to state "Mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance."

24.     **Exhibit A** goes on to list the following: "Option 1: 40% OFF; Option 2: 20% OFF; and Option 3: Monthly Payments As Low As $50 per month."

25.     In addition, **Exhibit A** states, "Call. . .or visit us online. . . by 2-22-2019 to accept one of these discounts."

26.     The letter, represented as **Exhibit A**, seeks to collect a debt.

27.     On or around March 27, 2019, MCM sent another collection letter. Said letter is attached and fully incorporated herein as **Exhibit B**.

28.     The alleged debt identified in **Exhibit B** was the same debt originally allegedly owed to Credit One Bank, N.A. for an alleged personal credit card and was incurred only for personal, family or household purposes.

29. Upon information and belief, **Exhibit B** is a form letter, generated by a computer, and with the information specified to Plaintiff inserted by the computer.

30. **Exhibit B** states: "Choose The Option That Works For You" and "Congratulations! You have been **pre-approved** for a discount program designed to save you money."

31. In addition, **Exhibit B** states, "Option 1: 40% OFF; Option 2: 20% OFF; and Option 3: Monthly Payments As Low As: $50 per month."

32. In addition, **Exhibit B** states, "Benefits of Paying!" followed by "Save up to $504.60," and "Offer Expiration date: 04-26-2019."

33. The letter, represented as **Exhibit B**, seeks to collect a debt.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF ANNE WALL

34. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

35. On or about April 3, 2019, MCM sent Plaintiff Wall a collection letter. Said letter is attached and fully incorporated herein as **Exhibit C**

36. The alleged debt identified in **Exhibit C** was originally allegedly owed to Citibank, N.A. for an alleged personal credit card and was incurred only for personal, family or household purposes.

37. Upon information and belief, **Exhibit C** is a form letter, generated by a computer, and with the information specific to Plaintiff Wall inserted by the computer.

38. **Exhibit C** states: "Choose The Option That Works For You" and "Congratulations! You have been **pre-approved** for a discount program designed to save you money."

39. In addition, **Exhibit C** states, "Option 1: 40% OFF; Option 2: 20% OFF; and Option 3: Monthly Payments As Low As: $50 per month."

40. In addition, **Exhibit C** states, "Benefits of Paying!" followed by "Save up to $178.33," and "Offer Expiration date: 05-03-2019."

41. The letter, represented as **Exhibit C**, seeks to collect a debt.

42. On or around August 21, 2019, MCM sent another collection letter. Said letter is attached and fully incorporated herein as **Exhibit D**.

43. The alleged debt identified in **Exhibit D** was the same debt originally allegedly owed to Citibank, N.A. for an alleged personal credit card and was incurred only for personal, family or household purposes.

44. Upon information and belief, **Exhibit D** is a form letter, generated by a computer, and with the information specified to Plaintiff inserted by the computer.

45. **Exhibit D** states: "Choose The Option That Works For You" and "You have been **pre-approved** for a 40% discount!" (Emphasis added.).

46. In addition, **Exhibit D** states, "Option 1: 40% OFF; Option 2: 20% OFF"

47. **Exhibit D** states, "We are offering you these fantastic savings."

48. **Exhibit D** states that payment is due on 09-20-2019.

49. The letter, represented as **Exhibit D**, seeks to collect a debt.

### FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF RUSSELL BOND

50. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

51. On or about March 7, 2019, MCM sent Plaintiff Bond a collection letter. Said letter is attached and fully incorporated herein as **Exhibit E.**

52. The alleged debt identified in **Exhibit E** was originally allegedly owed to Synchrony Bank for an alleged personal credit card and was incurred only for personal, family or household purposes.

53. Upon information and belief, **Exhibit E** is a form letter, generated by a computer, and with the information specific to Plaintiff Bond inserted by the computer.

54. **Exhibit E** states: "CALL US TODAY!" and "AVAILABLE PAYMENT OPTIONS."

55. **Exhibit E** goes on to state, "Option 1: 40% OFF; Option 2: 20% OFF; and Option 3: Monthly Payments As Low As: $50 per month."

56. In addition, **Exhibit E** states, "Benefits of Paying Your Debt" followed by "Save $450.53 if you pay by 04-05-2019," "put this debt behind you," "no more communication on this account," and "peace of mind."

57. The letter, April 17, 2019, MCM sent another collection letter. Said letter is attached and fully incorporated herein as **Exhibit F.**

58. The alleged debt identified in **Exhibit F** was the same debt originally allegedly owed to Synchrony Bank for an alleged personal credit card and was incurred only for personal, family or household purposes.

59. Upon information and belief, **Exhibit F** is a form letter, generated by a computer, and with the information specified to Plaintiff inserted by the computer.

60. **Exhibit F** states, "you are pre-approved for a 40% discount!"

61. **Exhibit F** also states: "Congratulations! You have been **pre-approved** for a discount program designed to save you money."

62. **Exhibit F** then states, "**Act now** to maximize your savings." (Emphasis added).

63. In addition, **Exhibit F** states, "Option 1: 40% OFF; Option 2: 20% OFF; Option 3: Monthly Payments As Low As $50 per month."

64. **Exhibit F** states that payment is due on 05-17-2019.

65. The letter, represented as **Exhibit F**, seeks to collect a debt.

## FACTUAL ALLEGATIONS PERTAINING TO ALL NAMED PLAINTIFFS

66. These letters, although attempting to appear as special offers, offer the exact same deal.

67. Not only did each Plaintiff receive identical offers multiple times, but the Plaintiffs' offers are identical to each other.

68. MCM purports its offer as a special opportunity, only offered for this one period of time, on this one offer. This language implies a sense of finality and urgency of the offer.

69. Defendants market the settlements in a way that suggests that the offer is uniquely superior to any other offer, even though it is identical to previous offers.

70. This language would lead the least sophisticated consumer to believe that these were one-time-only offers. In actuality, MCM's offer was in no way a time sensitive opportunity.

71. Upon information and belief, these special "discount" and "pre-approval" offers worthy of "congratulations" are made by MCM in an attempt to coerce Plaintiffs into making a payment on the alleged debt that Plaintiff otherwise would not have made.

72. Upon information and belief, each and every alleged debtor that desires to settle the alleged debts are "pre-approved."

73. Upon information and belief, there is no actual investigation or research into the individual's account, credit, or ability to pay in order to determine whether an individual is pre-approved.

74. Upon information and belief, the "pre-approval" process is merely a tactic to convince the least sophisticated consumer he or she is special and receiving an exclusive deal, even though each and every consumer will be "pre-approved."

75. Upon information and belief, MCM uses this scheme to prey on unsuspecting consumers. MCM attempts to make consumers believe that this deal requires quick acceptance, when in reality, this amount would be accepted at any time.

76. Upon information and belief, by using this scheme allows MCM to collect a higher rate of return than if it utilized legal means.

77. Upon information and belief MCM's use of these deceptive means are willful and intentional.

78. MCM's statements were false and misleading. See Goswami v. American Collections Enterprise, Inc. 377 F.3d 488, 495 (5th Cir. 2004). (Where a settlement collection letter appeared to be a one-time, take-it-or-leave-it offer, its obvious purpose was to push the plaintiff to make a rapid payment to take advantage of the purported limited time offer, and was therefore false and misleading.)

79. Upon information and belief, MCM made these offers in an attempt to pressure and manipulate consumers to make payments in which they may not otherwise have been able to afford.

80. Moreover, upon information and belief, MCM made these payment plan offers in an attempt to trick the least sophisticated consumer into restarting the statute of limitations on the old debt.

81. Upon information and belief, sending the same generic, repeatable offers to all consumers was a tactic to lure unsophisticated consumers, like Plaintiffs, to believe they were getting a one-time offer that they must imminently take advantage of, or lose the opportunity to settle. See Gully v. Van Ru Credit Corporation, 381 F.Supp.2d 766 (N.D. Ill.2005) (It is not proper to include any language that an unsophisticated debtor could interpret as a one-time-only offer. A letter need not include the words "one-time offer" in order to give an unsophisticated debtor the impression that he will not have another opportunity to make a payment.).

82. MCM's language reads like an infomercial, attempting to pressure Plaintiffs to take advantage of a settlement offer, as if it is the only time it will be offered.

83. The letters, represented in **Exhibits A, B**, **C, D, E** and **F** would not have been sent to Plaintiffs for any purpose other than debt collection.

84. Plaintiffs suffered injury-in-fact by being subjected to unfair and abusive practices of MCM.

85. Plaintiffs suffered actual harm by being the target of the MCM's misleading debt collection communications.

86. MCM violated the Plaintiffs' right not to be the target of misleading debt collection communications.

87. MCM used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debts.

88. MCM's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to MCM's collection efforts.

89. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. MCM's false representations misled the Plaintiffs in a manner that deprived them of their rights to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

90. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

91. Plaintiffs seeks to end these violations of the FDCPA. Plaintiffs have suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including declaratory relief and damages.

92. All of MCM's actions complained of herein occurred within one year of the date of this Complaint. MCM agreed to toll any statute of limitations appearing in this Complaint that have occurred beyond one year.

93. MCM's conduct has caused Plaintiffs to suffer damages including, but not limited to, the loss of time incurred by Plaintiffs as well as attorneys' fees paid for advice regarding their situation.

94. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

95. Here, Plaintiffs have suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MCM's conduct.

96. Plaintiffs' injury-in-fact is fairly traceable to the challenged representations of MCM.

97. Plaintiffs' injury-in-fact is likely to be redressed by a favorable decision in this Court.

98. MCM's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

99. Defendant MF exercised control over Defendant MCM's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer,

11

66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

100. Defendant MF is vicariously liable for Defendant MCM's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant MCM, was allowed to attempt to collect on their behalf.

101. Defendant MCM would not legally be allowed to collect the alleged debt on behalf of MF if Defendant MF had not in fact given them approval or agency to act on their behalf to collect in a manner MF had knowingly approved or permitted.

102. Upon information and belief, Defendant MF gave Defendant MCM the green light, and thus agency, to attempt to collect the alleged debt in the manner in which MCM did.

## CLASS ALLEGATIONS

103. This action is brought as a class action. Plaintiffs brings this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

104. The identities of all class members are readily ascertainable from the records of MCM and MF, and those business and governmental entities on whose behalf it attempts to collect debts.

105. Excluded from the Plaintiffs' Class is MCM and MF, and all officers, members, partners, managers, directors, and employees of MCM and MF and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

106. There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are

whether MCM's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

107. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

108. The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

109. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity**: The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether MCM's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

  c. **Typicality**: The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the

class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendants who, upon information and belief, collects debts throughout the United States of America.

 110. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

 111. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

 112. Further, MCM has acted, or failed to act, on grounds generally applicable to the Rule

(b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

113. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

114. This cause of action is brought on behalf of Plaintiffs and the members of a class.

115. The class consists of all persons whom Defendants' records reflect resided in the State of Texas and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiffs on or about January 23, 2019 (**Exhibit A**), on or about March 27, 2019 (**Exhibit B)**; on or about April 3, 2019 (**Exhibit C**); on or about August 21, 2019 (**Exhibit D**); on or about March 7, 2019 (**Exhibit E**); and on or about April 17, 3019 (**Exhibit F**), and (a) the collection letter was sent to a consumer seeking to collect a debt for personal, family or household purposes; and (b) the collection letter was sent from one year before the date of this Complaint to the present; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiffs asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692d, and 1692f for false representation of the character, amount, or legal status of the alleged debt and harassment or abuse, false or misleading representations, and unfair practices.

### **COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

116. Plaintiffs incorporates by reference all other paragraphs of this Petition as if fully stated herein.

117. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

118. Defendants' collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

119. Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiffs, in violation of 15 U.S.C. § 1692e(10).

120. Defendants' collection efforts only serve to confuse and mislead the consumer.

121. Defendants' collection efforts were materially false, misleading, and deceptive.

122. Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Angelia Johnson, Anne Wall, and Russell Bond, individually and on behalf of all others similarly situated, prays that this Court:

    A. Declare that Defendants' debt collection actions violate the FDCPA;

    B. Enter judgment in favor of Plaintiff Angelia Johnson, Anne Wall, and Russell Bond, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C. Grant other such further relief as deemed just and proper.

**COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices**

123. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

124. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

125. Defendants' communications with Plaintiffs were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

126. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

127. Defendants' communications with Plaintiffs were deceptive and misleading.

128. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

129. Defendants' violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Angelia Johnson, Anne Wall, and Russell Bond, individually and on behalf of all others similarly situated, prays that this Court:

A. Declare that Defendants' debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Angelia Johnson, Anne Wall, and Russell Bond, and all others similarly situated, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

130. Plaintiff demands a trial by jury on all Counts so triable.

Dated: March 6, 2020

                                                    Respectfully Submitted,

                                                    **HALVORSEN KLOTE**

By:    /s/ Samantha J. Orlowski

        Samantha Orlowski, #72058
        Joel S. Halvorsen, #67032
        Gregory M. Klote, #66888
        680 Craig Road, Suite 104
        St. Louis, MO 63141
        P: (314) 451-1314
        F: (314) 787-4323
        sam@hklawstl.com
        joel@hklawstl.com
        greg@hklawstl.com